UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x
UNITED STATES OF AMERICA,

23 CR 402 (PMH)

-vs-

PRE-TRIAL CONFERENCE

JAMIE ORSINI and NICHOLAS ORSINI,

Defendant(s).
--------------------------------------x

United States Courthouse
White Plains, New York

Tuesday, September 17, 2024
9:00 a.m.

Before: THE HONORABLE PHILIP M. HALPERN,
District Judge

A P P E A R A N C E S:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
MICHAEL MAIMIN,
KAIYA ARROYO,
Assistant United States Attorneys

AVRAHAM MOSKOWITZ
DONALD YANNELLA,
Attorneys for Defendant Jamie Orsini

KOFFSKY & FELSEN, LLC
Attorneys for Defendant Nicholas Orsini
BY: BRUCE KOFFSKY

ANDREW G. PATEL,
Attorney for Defendant Nicholas Orsini

THE DEPUTY CLERK: All rise. In the matter of the United States of America v. James Orsini and Nicholas Orsini.

Counsel, please note your appearance for the record, starting with the Government.

MS. ARROYO: Good morning, your Honor. Kaiya Arroyo, Michael Maimin, Kathryn Wheelock for the Government. Along with us today is Paralegal Specialist Shannon Becker and --

THE COURT: Thank God.

MS. ARROYO: -- Joe Merla.

THE COURT: Thank God you're here, Ms. Becker, so...

MS. BECKER: Thank you.

MR. YANNELLA: And for Jamie Orsini, Daniel Yannella, Avraham Moskowitz, and Paralegal Ben Zion Moskowitz.

Good morning, your Honor.

THE COURT: Good morning.

MR. PATEL: Good morning, your Honor, and an amen to your comment about Ms. Becker, Andrew Patel, Bruce Koffsky, Lindsey Sullivan for Mr. Nicholas Orsini.

THE COURT: Good morning, everybody. Please be seated. Quite a crowd.

I understand, Mr. Maimin, you have some morning business?

MR. MAIMIN: I have the quickest morning business one could have, which is your Honor would be glad to know that we've entered into a number of stipulations with Defense Counsel to

streamline the case.

For one of them, Defense Counsel was concerned that it would mean that we wouldn't call two witnesses, so I promised them I would put on the record that despite a certain stipulation, we plan on calling Officers Hurtado and Sotanski during our case.

THE COURT: Okay.

Mr. Patel.

MR. PATEL: Thank you, your Honor.

Your Honor, this is an application to preclude the Government from calling two witnesses who are on the witness list for today, and I apologize to the court reporter, Natalia Stupak and Joel Appelbaum.

From the 3500 material, your Honor, it appears that these are witnesses who prime -- well, in the occasion of Mr. Appelbaum exclusively and Ms. Stupak primarily, saw Mr. Orsini burning something in the backyard. There's no indication from the 3500 material that they had any idea of what was being burned or that what was being burned had anything to do with this case and, therefore, we move to preclude them. At least as to that part. Ms. Stupak does identify a vehicle that is relevant and certainly she can testify to that.

THE COURT: So it's Stupak and -- what's the other name, Mr. Patel?

MR. PATEL: Appelbaum, your Honor.

THE COURT: Appelbaum. I'm just looking on the list.

MR. PATEL: I believe Mr. Appelbaum is 3501. I'm embarrassed to admit that I know that.

THE COURT: Okay. All right.

Mr. Maimin.

MR. MAIMIN: I'm really not quite sure the basis for precluding witnesses because they think that a witness will not on his or her own with their testimony absent any context prove an element of the case. The whole point is, we put in a whole bunch of witnesses, a whole bunch of evidence, and the jury gets to decide whether or not that does or does not prove something.

It's obviously up to Defense Counsel if they want to argue that what was being burned had nothing to do with the case, that's up to them; if we want to argue that it's part of a cover-up because the timing of it shows that they are busy destroying evidence, that's up to us; and it's up to the jury to decide what's -- what actually happened, that is, each witness doesn't have to say "and by the way, let me explain why this is relevant to the Government's case." The witnesses aren't even police officers here, they aren't aware of the details of the Government's case.

MR. PATEL: That's absolutely correct, and Mr. Maimin just outlined exactly why these witnesses should be precluded, your Honor, because this is an invitation to speculation, not based on fact.

THE COURT: I mean, the first thing is, these two witnesses were the subject of an application by the defendants to preclude *in limine* and I denied that application, so --

MR. PATEL: Actually, I believe what your Honor did was acknowledge it as a heads-up and said that you would rule later. I could be wrong about that.

THE COURT: Yeah, I mean, unless there's -- look, the reality here is, as best I see this so far, there's a number of pieces of evidence that appear to me to be circumstantial evidence, right? And circumstantial evidence, you know this better than I do, Mr. Patel, is just as good as direct evidence, and when we're in a circumstantial-evidence scenario, it is not up to me to decide what weight to be given to the evidence.

In this case, it -- to the extent that these witnesses come to court and say I saw whatever, X, doesn't matter to me what X is, in this case burning, something burning, et cetera, cross-examine until the cows come home, make your point on cross-examination. I don't see that necessarily as a preclusion of evidence. You're, you're suggesting that they be precluded because it has nothing to do with this case.

Having said that, I don't know whether it has anything to do with this case or not based on these arguments, so what I will let you do is, if you want to raise your relevancy objection or your objection on any other basis, you know, I'm, I'm happy to reconsider it, but I don't think it's a basis to

preclude testimony, period.

MR. PATEL: Your Honor, it is both on 401 and 403 relevance and unduly prejudicial.

THE COURT: Unless, of course, it's prejudicial.

MR. PATEL: Exactly.

THE COURT: I get it.

MR. PATEL: I understand you do, your Honor. I just wanted to make --

THE COURT: You made your record, I got it; I'm not going to preclude the witnesses. That said, if one were -- we have a witness on the stand and you'll find some other argument to make, make it, we'll --

MR. PATEL: Thank you, your Honor.

THE COURT: I think, though, that what we need to realize here is this is unique and it's -- from a judging point of view, in a sense that there's a lot of cumulative evidence. Because it's cumulative doesn't necessarily mean -- I'm sorry, circumstantial. I said cumulative. Maybe there will be some cumulative, too, but circumstantial evidence doesn't -- unless it's way off the mark, right? And it becomes totally irrelevant, it's a good kind of evidence that can be used to prove guilt in a criminal case.

I mean --

MR. PATEL: That's normally -- that is certainly the correct statement of the rule, your Honor; we just feel that

this one goes beyond that.

THE COURT: It's hard for me to know at this juncture. I'm denying your request. I've given you the opportunity to raise it again with me if you find it to be that important, and if we need to have a sidebar or a break, we'll do it, but I'm not in favor of those, by the way, just so you know.

MR. PATEL: Understood, and thank you, your Honor.

THE COURT: All right? Anything else?

MR. MOSKOWITZ: Judge, just for the record, can we assume, or will the Court allow, that an objection by one defendant is an objection by both defendants unless we indicate that we don't join in the objection, or do you want me to make an -- each time get up and join in the objection?

THE COURT: Well, I mean, I -- let's say this. I'm happy to streamline this and say all for one and one for all so that if one of you gets up to make an objection, I'll consider it an objection on behalf of all defendants. If there's something you need to put on the record that's different than what is said, I don't want to preclude you from doing that.

On the other hand, I don't need to hear the same argument two or three or four times. Pretty much I'll get it the first time, unless you think I've missed it, in which case you can get up and try it with different words.

All right?

MR. MOSKOWITZ: Thank you, your Honor.

THE COURT: So all for one and one for all.

So we've got a panel coming in, I'm hoping we'll get a jury in place quickly. I'm doing a 12 and 4, unless anybody has a serious objection. The reason being, with all of the events getting in our way, this is going to spread over, hopefully, no more than two weeks, but with that amount of time, I don't want to run the risk of not having the right number of jurors, so we'll do 12 and 4. As soon as they're ready, we'll get to work. All right?

Anything else?

MR. PATEL: No. Thank you, your Honor.

THE COURT: No? All right, I look forward to it.

MR. MAIMIN: Thank you, your Honor.

THE DEPUTY CLERK: All rise. Court in recess.

(Brief recess)

Certified to be a true and accurate transcript.



__________________________________________

TABITHA DENTE, RPR, RMR, CRR

OFFICIAL COURT REPORTER